# CASES

# APPELLATE COURTS OF ILLINOIS.

---

THIRD DISTRICT—NOVEMBER TERM, 1890.

## JOHN L. BEVAN, ADMINISTRATOR,
### v.
## AUGUSTA FITZSIMMONS, EXECUTRIX.

*Negotiable Instruments—Note—Liability as Indorser—Release of.*

1. There is a clear distinction between the liability of an indorser or assignor of a note, and that of a vendor.

2. An assignment "without recourse" leaves the assignor liable as vendor.

3. In an action upon a promissory note, this court holds, the defendant defending as the administrator of a deceased person alleged to have been one of the signers thereof, that the payee of said note was not a competent witness, he testifying that the executrix of the person to whom he had indorsed it, had released him as indorser.

[Opinion filed June 12, 1891.]

IN ERROR to the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. BEACH & HODNETT, for plaintiff in error.

1. Plaintiff in error defending as the administrator of a deceased person, the witness, Foley, payee of the note sued on, was not a competent witness against him. Starr & Curtis' Statutes, Vol. 1, Chap. 51, Section 2, p. 1072; Myers v.

Walker, 31 Ill. 353; Frink v. The People, 43 Ill. 27; Bruner et al. v. Battell, Executor, 83 Ill. 317; New England Fire & Marine Insurance Co. v. Wetmore, 32 Ill. 246.

2. The witness, Foley, was liable to Augusta Fitzsimmons, executrix, notwithstanding the release of his liability as indorser, if the signature to the note was forged, and the amount due thereon thereby lost. Herrick v. Whitney et al., 15 N. Y. 240 ; Drennan v. Bunn, 124 Ill. 175; Lunt et al. v. Wrenn, 113 Ill. 168.

3. The court erred in restricting the cross-examination of the witnesses. Ray v. Bell, 24 Ill. 444; Faulk v. Kellums, 54 Ill. 188; Melvin et al. v. Hodges, 71 Ill. 422; Gitchell v. Ryan, 24 Ill. App. 372.

4. The admission in evidence of the conversation between the witness Foley and Mrs. Williams, in Atlanta, was error, there being no proof that such conversation had any reference to the note in controversy. 2 Smith's Lead. Cases, p. 1011 ; Thompson v. Drake, 32 Ala. 99.

5. Notes signed by Mrs. Williams, upon which the witnesses based their knowledge of her signature, and which showed a peculiarity in spelling, were admissible. Brooks v. Tichborne, 5 Exchequer, 950; 16 Central Law Journal, 102.

6. The court by instructions invaded the province of the jury. Frame v. Badger, 79 Ill. 441.

7. To entitle the plaintiff to recover, she must prove her right by a preponderance of the evidence. Failing to do so, a verdict in her favor will be set aside. Lincoln v. Stowell, 62 Ill. 84; Peaslee v. Glass, 61 Ill. 94; Koester v. Esslinger, 44 Ill. 476; Boudreau v. Boudreau, 45 Ill. 480.

Messrs. F. L. CAPPS and BLINN & HOBLIT, for defendant in error.

The witness, Foley, having been released from all liability on this note, was a competent witness. See Starr & C. Ill. Stats., Vol. 1, Chap. 1, Sec. 2, p. 1072 ; Lanty et al. v. Miller, Adm'r, 10 N. E. Rep. 100; Davenport v. Congregational Society, 33 Wis. 387; Butler v. Gazzen, 1 So. Rep. 16; Am. & Eng. Encyc. of Law, 284, and authorities there cited.

The law of this State is, that the genuineness of a signature can not be proved or disproved on the trial of a case by comparing it with another signature of a paper not in the case, whether the signature sought to be compared with it is admitted to be genuine or not. Gitchell v. Ryan, 24 Ill. App. 375; Kernin v. Hill, 37 Ill. 209; Melvin v. Hodges, 71 Ill. 425; Massey v. Farmers National Bank, 104 Ill. 333; Snow v. Wiggin, 19 Ill. App. 543.

PLEASANTS, J. Assumpsit on a promissory note for $400, dated November 1, 1887, payable to S. A. Foley, and purporting to be signed by C. E. Pratt and Mrs. Williams, the decedent of plaintiff in error. Verdict and judgment for plaintiff.

The case is substantially like that of this plaintiff in error v. The Atlanta National Bank, 39 Ill. App. 577, and involves no other question except that of the competency of S. A. Foley as a witness called by the plaintiff.

He was the payee named in the note, and assigned it to Abigail Riley, defendant in error's testatrix. He testified that the executrix had released him "as indorser," but the release was not produced nor its terms otherwise shown. On the objection made to his competency, the distinction between the special and technical liability of an indorser or of an assignor under the statute, and that arising on an implied guaranty of the validity of the note according to its tenor and effect, as vendor, was expressly made and urged upon the attention of the court; and it held that the release operated to make the assignment a mere transfer of the assignor's legal interest in the instrument, genuine or forged, and extinguished all his liability as vendor.

Aside from the question of authority of the executrix to release him, either as vendor or assignor, we think this ruling was erroneous. The cases of Lunt v. Wrenn, 113 Ill. 175-7, Drennan v. Bunn, 124 Ill. 183; and the authorities there cited, show a clear distinction between the liability of an indorser or assignor and that of a vendor. One arises from the particular contract of assignment, by which the assignor becomes

a party to the note, *sub modo*, and the other, whether regarded as from a breach of an implied warranty of genuineness or from failure to perform a condition of the sale, from a different origin. The conditions on which they arise and their extent, respectively, may also be very different. An assignment "without recourse," which fully transfers the title and interest but imposes no liability as assignor, still leaves him liable as vendor. It is the transfer for a valuable consideration, of something as really what it purports or was to be, alone, that raises the liability of the vendor where it is not such. That foundation is not removed or affected by releasing him as indorser or as assignor under the statute. Bank v. Smiley, 27 Maine, 255; Challiss v. McCrums, 22 Kansas, 157, and cases above cited.

Whether the note in suit was a forgery as to Mrs. Williams, was the controlling question in the case. The evidence was conflicting, and the decision was to depend upon the preponderance. Foley was a very material and important witness. He was directly interested in the event of the suit. That fact disqualified him. How far the weight of his testimony contributed to make what the jury considered a preponderance, it is impossible for us as for the court below to know. His admission as a witness was, therefore, a material error, for which the judgment will be reversed and the cause remanded.

*Reversed and remanded.*